# 95 DTA 43

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

CANDIDO MEDINA MORALES
Demandante-Recurrido

v.

JUAN A. CRUZ MANZANO
Demandado-Peticionario

Núm. KLCE-95-00103

San Juan, Puerto Rico, a 31 de marzo de 1995

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces González Román y Rossy García

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Hon. Juan A. Cruz Manzano, Alcalde de Manatí, solicita la revocación de la resolución dictada el 12 de diciembre de 1994 por el Tribunal Superior, Sala de Arecibo, declarando sin lugar su solicitud para que se dictara sentencia sumaria.

Se trata de una acción de daños y perjuicios contra el señor Cruz Manzano por alegadamente haber sido confidente de la Policía de Puerto Rico en la confección de carpetas y haber suministrado información falsa, libelosa y discriminatoria contra el Sr. Cándido Medina Morales.

Denegamos la expedición del recurso por entender que el tribunal actuó correctamente al determinar que existían hechos materiales en controversia que impedían se dictara sentencia sumariamente. Examinemos los hechos y el derecho aplicable.

En 1992 el señor Medina Morales obtuvo la carpeta que la Policía le confeccionó por sus ideologías políticas. Esta contenía un informe preparado por el policía Héctor Martínez en que se detallaba información, recopilada mediante entrevistas efectuadas a diversas personas, sobre las actividades gremiales y políticas del señor Medina Morales. Dicho informe refleja que el señor Cruz Manzano fue uno de los entrevistados y que, a preguntas del Policía Martínez de si el investigado era un individuo peligroso para el Gobierno de Puerto Rico debido a sus creencias políticas, expresó:

*"Este individuo es de la misma clase de Angel Gandía y otros locos como él, yo diría que sí que hay que mantenerlo vigilado."* Exhibit 14 del Recurso, pág. 116.

En atención a lo anterior, el señor Medina Morales instó acción de daños y perjuicios contra el señor Cruz Manzano, quien solicitó se dictara sentencia sumaria. El 12 de diciembre de 1994, el Tribunal Superior denegó dicha moción por entender que existía controversia sobre: (1) el propósito de la entrevista realizada al señor Cruz Manzano; (2) sus razones para hacer las expresiones que se le atribuyen en el informe; y (3) si efectivamente las hizo. (Exhibit I del Recurso, pág. 2). Inconforme, el señor Cruz Manzano solicitó moción de reconsideración, a la que se opuso el señor Medina Morales. El 17 de febrero de 1995 el tribunal declaró sin lugar la moción de reconsideración. (Exhibits IV, V, VIII y X del Recurso, págs. 38, 78, 81 y 90).

Ante nos, el señor Cruz Manzano arguye que procedía se dictara sentencia sumaria, toda vez que no existía controversia sobre el hecho de que no era confidente ni informante de la Policía y que creyó que el propósito de la entrevista era para una solicitud de licencia de portar armas. Además, porque la acción incoada no constituía una causa de acción justiciable que justificara la concesión del remedio solicitado, pues a tenor de lo resuelto en *Noriega v. Hernández Colón*, ___ D.P.R. ___ (1992), **92 J.T.S. 85,** el Estado era el único responsable civilmente por los daños ocasionados por la confección de carpetas.

El derecho aplicable a la acción de daños y perjuicios objeto de este recurso y las normas procesales que regulan el mecanismo de sentencia sumaria, sustentan la decisión del tribunal.

En *Noriega v. Hernández Colón, supra,* el Tribunal Supremo indicó que *a priori* era difícil construir un argumento válido que expusiera a todo informante ocasional a una acción en daños y perjuicios, teniendo que recaer únicamente sobre el Estado la responsabilidad civil por la confección de carpetas. Dicha expresión estuvo basada en que el médico del pueblo, el cartero, el vecino, el alcalde, todos denominados informantes ocasionales, podían ofrecer la información utilizada por el Estado en la confección de carpetas sin conocimiento ni sospecha de la ilegalidad de la investigación realizada. Es decir, que tan sólo ejercitaban su derecho constitucional a expresar su opinión sobre otra persona. *Ibid.,* pág. 9649.

En virtud de lo anterior, el planteamiento del señor Cruz Manzano de que el caso de *Noriega* releva a todo informante de responsabilidad civil por ésta recaer exclusivamente sobre el Estado, es erróneo. La procedencia o no de una acción torticera contra un informante estará supeditada a la determinación de la intención con que éste suministró información al Estado y del conocimiento del uso que se daría a dicha información.

Nuestra jurisprudencia ha señalado que no es aconsejable utilizar el mecanismo de sentencia sumaria en casos donde hay elementos subjetivos, de intención, propósitos mentales o negligencia, o donde el factor credibilidad juega un papel esencial y decisivo para llegar a la verdad. *Castro Soto v. Hotel Caribe Hilton,* D.P.R. (1994), **94 J.T.S. 128,** pág. 311; *Colegio de Ingenieros y Agrimensores v. A.A.A.,* ___ D.P.R. ___ (1992), **92 J.T.S. 137,** pág. 10025. Ello responde a que este remedio extraordinario, consagrado en la Regla 36 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, debe concederse únicamente en casos claros, cuando el tribunal tenga ante sí la verdad sobre los hechos pertinentes. *PFZ Properties, Inc. v. General Accident Insurance Co., P.R. Ltd.,* ___ D.P.R. ___ (1994), **94 J.T.S. 116,** pág. 124; *Medina Morales v. Merck, Sharp & Dohme,* ___ D.P.R. ___ (1994), **94 J.T.S. 52,** pág. 11786. Por ende, cuando hay dudas sobre la existencia o no de controversia sobre hechos materiales, la moción debe resolverse en contra de su promovente. *Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints v. Purcell,* 117 D.P.R. 714, 722-723 (1986).

En este caso el señor Cruz Manzano acompañó con su moción de sentencia sumaria la porción de su deposición en que declaró que estaba bajo el entendimiento que la entrevista con el Policía Martínez era una investigación sobre una solicitud para portar armas del señor Medina Morales, que no era confidente ni informante de la Policía y que no recibió pago o trato especial a cambio de información. Sin embargo, no incluyó con su moción la alegada declaración bajo juramento del Policía Martínez referente a que nunca le reveló el verdadero propósito de la entrevista. Por el contrario, el señor Medina Morales acompañó con su oposición a la moción de reconsideración páginas de la deposición del Policía Martínez en que alegadamente declaró que no entrevistó al señor Cruz Manzano sobre una solicitud para portar armas, que éste conocía el propósito de la entrevista y que dio voluntariamente la información transcrita en el informe (Exhibit VIII, págs. 84 y 87)■■

En vista de lo anterior, es forzoso concluir que hay base en el récord para sustentar la decisión del Tribunal Superior de que existe controversia sobre el propósito con el cual el señor Cruz Manzano brindó la información que formó parte de la carpeta confeccionada al señor Medina Morales. Siendo ello un hecho esencial para determinar si procede o no la acción de daños incoada por el señor Medina Morales, el tribunal actuó correctamente al denegar la moción de sentencia sumaria.

En atención a los fundamentos antes expuestos, se deniega la expedición del recurso solicitado y la moción en auxilio de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIO 95 DTA 43

**1.** Cabe señalar, que estos anejos de la oposición no fueron acompañados con el presente recurso.